1  Brian A. Paino (SBN 027091)
   bpaino@piteduncan.com
2  Jamin S. Neil (SBN 026655)
   jneil@piteduncan.com
3  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
6
7  Attorneys for MetLife Home Loans, a Divisions of MetLife Bank, N.A.

8

9                  **UNITED STATES BANKRUPTCY COURT**

10            **DISTRICT OF ARIZONA – PHOENIX DIVISION**

11  | In re | Case No. 2:11-bk-22935-RTBP |
12  | LARRY R. WRIGHT AND ANN F. WRIGHT, | Adv. No. 2:11-ap-01826-RTBP |
13  | |
14  | Plaintiffs, | |
    | | Chapter 11 |
15  | LARRY R. WRIGHT AND ANN F. WRIGHT | |
16  | vs. | **STIPULATED JUDGMENT RE PLAINTIFFS' COMPLAINT AGAINST** |
17  | METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. | **METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. TO** |
18  | | **DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF LIEN OR** |
19  | Defendant. | **OTHER INTEREST IN PROPERTY** |
20  | | Property Address: |
21  | | 2901 West Sierra Street, Phoenix, Arizona 85029 |
22

23        This Stipulated Judgment is entered into by and between Defendant, Metlife Home

24  Loans, a Division of Metlife Bank, N.A. ("Defendant"), by and through its attorneys of record,

25  Pite Duncan, LLP, and Plaintiffs, Larry R. Wright and Ann F. Wright, (the "Plaintiffs"), by and

26  through their attorneys of record, Allan NewDelman.

27        The property which is the subject of this matter is commonly known as 2901 West Sierra

28  Street, Phoenix, Arizona 85029 ("Subject Property").

                                    - 1 -

On or about November 18, 2009, Plaintiffs, for valuable consideration, made, executed and delivered to Defendant a Note in the principal sum of $162,659.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

On or about November 18, 2009, Plaintiffs made, executed and delivered to Defendant a Deed of Trust (the "Deed of Trust") granting Defendant a security interest in the Subject Property. The Deed of Trust was recorded on December 1, 2009, in the Official Records of Maricopa County, State of Arizona. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

On or about August 10, 2011, Plaintiffs filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and were assigned Bankruptcy Case No. 11-22935.

On or about October 6, 2011, Plaintiffs filed an adversary proceeding against Defendant and were assigned Adversary Case No. 2:11-ap-01826-RTBP.

On or about October 6, 2011, 2011, Plaintiffs filed an Adversary Complaint Against Defendant to Determine the Validity, Priority or Extent of a Lien or Other Interest in Property ("Complaint").

Over the course of the Plaintiffs' bankruptcy case, Defendant has made the following advances in connection with its rights under the Note and Deed of Trust:

| Advance Description | Amount of Advance |
|---|---|
| Property Taxes advanced on October 6, 2011 | $586.50 |
| Property Taxes advanced on April 4, 2012 | $586.50 |
| Hazard Insurance advanced on June 1, 2012 | $688.03 |
| Property Taxes advanced on October 10, 2012 | $503.98 |
| Mortgage Insurance Premium Payments @ $64.09/month (15 months) | $961.35 |
| Total | $3,326.36 |

After the application of certain post-petition payments made by Plaintiffs, the outstanding escrow balance on the loan is currently $614.06 (the "Escrow Advances"). *paid in full check it 1305*

- 2 -

**THE PARTIES HEREBY AGREE AND STIPULATE TO JUDGMENT AS FOLLOWS:**

1.    Defendant shall have a secured claim in the amount of $105,000.00 (the "Secured Claim") amortized over thirty (30) years at 5.25% interest per annum.

2.    Defendant shall have an unsecured claim for the amount owing on the Note above the Secured Claim plus Defendant's post-petition attorneys' fees and costs (the "Unsecured Claim"). Defendant shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors in the Plaintiffs' Chapter 11 Plan.

3.    Plaintiffs shall tender regular monthly payments in the sum of **$579.81** ("Principal and Interest Payments") to Defendant for the Secured Claim commencing **January 1, 2013,** and continuing until December 1, 2042 when all such outstanding amounts under the Secured Claim are to be paid in full.

4.    In addition to the regular Principal and Interest Payments, Plaintiffs shall tender escrow payments to Defendant for: (1) real property taxes advances made by Defendant; (2) real property hazard insurance advances made by Defendant; and (3) mortgage insurance (the "Escrow Payment"). The current Escrow Payment is **$205.43** but is subject to change pursuant to the terms of the Note and Deed of Trust.

⑤    Debtors shall also cure the Escrow Advances in equal monthly installments in the amount of **$17.06** over thirty six (36) months commencing **January 1, 2013,** and continuing on the first day of each month thereafter until the Escrow Balance has been paid in full. — *paid in full check* — *14 1035'* *8 6/4 cc*

6.    Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Defendant's Secured Claim.

7.    In the event of any future default on any of the above-described provisions, inclusive of this Stipulated Judgment, Defendant shall provide written notice via certified mail to Larry and Ann Wright at P.O. Box 4397, Prescott, AZ 86302 and to Plaintiffs' attorney of record, provided the Plaintiffs' bankruptcy case remains active, Allan D. Newdelman at 80 E. Columbus Ave. Phoenix, Arizona 85012 indicating the nature of default. If Plaintiffs fail to cure the default with certified funds after passage of thirty (30) calendar days from the date said

written notice is placed in the mail, then the Automatic Stay shall terminate and Defendant may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

        8.      The acceptance by Defendant of a late or partial payment shall not act as a waiver of Defendant's right to proceed hereunder.

        9.      In the event that Defendant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

        10.     In the event the Plaintiffs default under this Stipulated Judgment and Defendant forwards a 30-day letter to Plaintiffs, they shall be required to tender $100.00 for each default letter submitted in order to cure the default.

        11.     At the request of the Defendant, the Plaintiffs shall execute such documents and instruments as are necessary to reflect the Plaintiffs as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulated Judgment.

        12.     The terms of this Stipulated Judgment may not be modified, altered, or changed by the Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the Defendant. The terms of this Stipulated Judgment shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan. The modification of Defendant's Note and Deed of Trust is contingent upon Plaintiffs' substantial consummation of a Chapter 11 plan and the Plaintiffs' receipt of a Chapter 11 discharge. In the event of any inconsistency between the Plaintiffs' Chapter 11 Plan and this Stipulated Judgment, the terms of the Stipulated Judgment shall control.

        13.     In the event the Plaintiffs' bankruptcy case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code. Defendant shall retain its lien in the full amount due under the Note, all terms on Defendant's claim shall revert to the original

- 4 -

1 terms of the Note and Deed of Trust and the automatic stay shall be terminated without further
2 notice, order, or proceeding of the court.

3    14.    In the event Plaintiffs seek to sell the Subject Property prior to the Plaintiffs'
4 receipt of a Chapter 11 discharge, Defendant shall be entitled proceeds from the sale in an
5 amount not less than the outstanding balance owing on the unmodified Note and must consent to
6 a sale that proposes to pay it less than the balance owing under the unmodified Note.

7    15.    In exchange for the foregoing, this Stipulated Judgment shall constitute a ballot
8 voting in favor of the Plaintiffs' Chapter 11 Plan of Reorganization for the Secured Claim and
9 Unsecured Claim.

11 Dated: _12/14/12_

ALLAN D. NEWDELMAN
Attorney for the Plaintiffs

15 Dated: _1/4/13_

PITE DUNCAN, LLP

JAMIN S. NEIL
Attorneys for Defendant

Larry Wright

Ann Wright

- 5 -